LESSER-GOLDMAN COTTON COMPANY *v.* MILLER.

Opinion delivered December 21, 1925.

LANDLORD AND TENANT—NOTICE OF LANDLORD'S LIEN.—The buyer of cotton on which a landlord's lien exists cannot escape liability therefor unless he has acted in good faith in making such purchase, and good faith requires a reasonable investigation of any information which he has that is calculated to warn him that a landlord's lien thereon exists.

Appeal from Fulton Chancery Court; *Lyman F. Reeder,* Chancellor; affirmed.

*Humphries & Goodwin* and *J. G. Burke,* for appellant.

*C. E. Elmore,* for appellee.

HUMPHREYS, J.   This suit was instituted in the chancery court of Fulton County by appellee against appellant to enforce a landlord's lien for rent on 21 bales of cotton raised on Mrs. Laura Murrell's farm in 1922 by her tenant, Mrs. Allene Williamson.

Appellant, who purchased the cotton from Williamson Brothers, a partnership composed of John S. Williamson and Ed Williamson, interposed the defense that it bought the cotton in good faith, not knowing that it had been raised on the farm of Mrs. Laura Murrell, or that she had a landlord's lien thereon for rent.

The cause was submitted to the court upon the pleadings and testimony adduced by the respective parties, which resulted in a finding of the issues of fact and

law in favor of appellee, and a decree against appellant for the amount sued for, from which an appeal has been duly prosecuted to this court.

Appellant contends for a reversal of the judgment upon the ground that the finding of the chancellor was contrary to the clear preponderance of the evidence under the law applicable to the case. The rule announced in the case of *Van Etten* v. *Lesser-Goldman Cotton Company*, 158 Ark. 432, applicable to a case of this kind is as follows: "One who purchases cotton upon which a landlord's lien exists cannot escape liability therefor except when he has acted in good faith in making such purchase, and good faith requires a reasonable investigation of any information which he has that is calculated to warn him that he is being offered cotton upon which there exists a landlord's lien."

The undisputed facts in the case fix liability upon appellant under the rule quoted above. These facts are as follows:

Appellant has maintained an office in Helena for 23 years under the management of Joseph L. Solomon for the purpose of buying cotton in Phillips and surrounding counties. It had bought large amounts of cotton yearly for five or six years from Williamson Brothers, who were in business at Holly Grove about forty-five miles from Helena. Williamson Brothers owned a large plantation in Monroe County near Holly Grove, and raised most of the cotton which they sold to appellant. The senior member of the firm, John S. Williamson, was the husband of Allene Williamson, who rented the farm of Mrs. Laura Murrell for the years 1920, 1921 and 1922. Joseph L. Solomon was vice president of the Security Bank & Trust Company, and his brother, David L. Solomon, was assistant cashier of said bank. Williamson Brothers did all their business with that bank. They shipped practically all their cotton from time to time during the season to appellant, and, when it was sold, deposited the proceeds, after paying any drafts which appellant had drawn upon it, to Williamson Brothers' credit. The individual cot-

ton of Williamson Brothers, when shipped to appellant, was marked in their name. The cotton shipped through Williamson Brothers which had been produced on the Murrell farm was marked with the letter "M" in addition to the name of Williamson Brothers. During the years 1920 and 1921 after the cotton raised on the Murrell place was shipped to appellant, Williamson Brothers drew drafts on appellant in favor of Mrs. Murrell for her rent, which drafts were paid by it. Mrs. Murrell's lease for 1922 provided for a rental of $850 to be paid on or about November 15th of that year. Twenty-one bales of cotton were shipped to appellant in small lots between October 1st and December 15th. It was marked with the letter "M" in addition to carrying the name of Williamson Brothers. On December 1, 1922, Williamson Brothers drew a draft, as usual, upon appellant in favor of Mrs. Murrell for the rent. At the same time they drew a draft on appellant for $150 to pay for ginning the Murrell cotton. Appellant paid the draft for ginning but refused to pay Mrs. Murrell's draft for her rent, because they had theretofore applied the proceeds of the cotton to the payment of Williamson Brothers' indebtedness to said bank.

According to the undisputed facts stated above, appellant had information that a part of the cotton it got from Williamson Brothers in 1920 and 1921 was raised on the Murrell farm, and that Mrs. Murrell had a landlord's lien thereon for the rent. It paid the rent drafts for these two years to Mrs. Murrell upon the cotton which Williamson Brothers shipped to it under the mark "M". Cotton marked in the same way was shipped to it by Williamson Brothers in 1922, and this information was sufficient to put it upon inquiry. Had appellants made inquiry, it would have ascertained that the 21 bales of cotton marked "M" were raised on Mrs. Murrell's farm, and that under her lease she was entitled to a landlord's lien thereon for $850. Good faith required that it make an investigation.

No error appearing, the decree is affirmed.